UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES J. FARNAN,

    Plaintiff,

v.

JOSEPH LEHMAN,

    Defendants.

Case No. C04-5619FDB

ORDER

    This Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B). Before the court are two motions filed by plaintiff. A motion for emergency stay, (Dkt. # 15) and a motion for enlargement of time to respond to a Report and Recommendation, (Dkt. # 17).

    A.    <u>Emergency Stay</u>.

    In the first motion, "Emergency Stay", plaintiff argues that six other "Lehman series" cases were consolidated based on a statute of limitations issue. (Dkt. # 15).

    The court is not sure what a "Lehman series" case is. The six cases mentioned by plaintiff all deal with the date on which inmates were released and all of those inmates were referred for civil commitment. There is no statute of limitations issue in this case. Further, the six other cases

ORDER - 1

mentioned by plaintiff were not consolidated and plaintiff's position is apparently premised on a mistaken belief.

Plaintiff also argues he is a member of the "Chaney" class. <u>Chaney v. Lehman</u>, CV04-5881FDB. Chaney is a class action alleging the Department of Corrections improperly held inmates entitled to earned early release past their earned early release dates without a hearing. The complaint in <u>Chaney</u> limits the class to inmates eligible for earned early release. As a person convicted of a sex offense who was convicted before July 1, 2000 it does not appear plaintiff was ever able to obtain the general release contemplated by earned early release. <u>See</u>, RCW 9.94A.728 (2)(a). Plaintiff was only able to obtain community custody placement "in lieu of earned early release."

Defendant's Summary Judgment Motion indicates plaintiff was convicted May 15th, 1996. (Dkt. # 14, page 2). Further, the facts of this case show plaintiff submitted two possible release plans, both of which were investigated and determined to be inappropriate. Plaintiff admitted in depositions he was told of the deficiencies in the plans and invited to submit another plan. (Dkt. # 14). Thus, the court finds plaintiff is not part of the Chaney class as it appears he received some form of due process. Accordingly, plaintiff's motion for an "Emergency Stay" is **DENIED.**

B.   <u>Enlargement of time</u>.

Plaintiff also asks for an "Enlargement of Time to Respond to the Report and Recommendation." (Dkt. # 17). No Report and Recommendation was pending at the time this motion was made. Review of the motion shows it is not a request for more time but a continuation of the argument that this plaintiff is part of the Chaney class. The motion is **DENIED.**

The Clerk of Court is directed to send a copy of this Order to plaintiff and to counsel for defendant(s).

DATED this 11th day of July, 2005.

*/S/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

ORDER - 2